Today's cases will be called, as previously announced, and the times will be as allotted to counsel. The first case today is number 20-1812, United States v. Orlando Miguel Martinez-Ramos. At this time, would counsel for Appellant Martinez-Ramos please come to the podium and introduce himself on the record to begin. Good morning, Rick Nemcic-Cruz for the Appellant Orlando Martinez-Ramos. Please begin. Okay. The parties in this case reached a plea agreement, and the plea agreement included not only the case offense level for the crime of carjacking with bodily injury, but five enhancements for use of dangerous weapons, permanent bodily injury to the victim, physical restraint for doing the carjacking itself, and for a vulnerable victim, which is every enhancement that was available and covered most of the events in the crime. What was missing from that was the death of the victim, and the court, or I should say the parties, in addition to the enhancements, which totaled more than 100 months, added another two or three years so that the total was now 136 months possible in addition to the base offense level. And the district court was unsatisfied with that and added another 24 months in an upward variance. And that was plain wrong because the court was basing it on the death of the victim. And the victim, there's no causal link between the death of the victim and the beating that she received. And we know this because she didn't die from the beating. She was taken to the hospital. She was stabilized in the hospital, stayed three days there, and they did a number of  Blood tests, chest x-rays, she was examined several times during that time. And there was no pulmonary edema, which was found to be the immediate cause of death in the carjacking. In your view, what's the significance of that document checking the box saying contributory factor? I'm sorry, I didn't hear that. Is it a document that has a box checked contributory factors? That's right. There's on the report. What's the significance of that to you? That doesn't mean very much to me because I don't know how it contributed. There's no explanation. So how do we draw a link when there's no explanation given for how it occurred? The court covered that gap by saying it was common sense, that it was the natural consequence of the beating, but that's not true. It's not a natural consequence of any beating, and not this beating in particular. Because if you look at the autopsy report and you look at the physical exam section of it and look at the injuries, there were a couple of broken bones. There was one broken fracture under the eyeball. But you'd certainly agree it causes an immense amount of stress, wouldn't you? Certainly it would cause stress, but the stress was already dealt with in the hospital. The problem was when she went to the hospital, her blood sugar was out of control, the blood pressure was out of control, but that had always been the case. When she was in the hospital, all that was controlled, and she said, and it's on the medical record, which is in the record for the sentencing hearing, that she didn't take her medications. So they stabilized her, gave her her medications, she went home, four days later she died. And what does the autopsy report give as the cause of death? Uncontrolled diabetes, uncontrolled hypertension, and a contributing factor of injuries from the assault. A contributing factor, but again, with no link whatever. And I think that is fundamental justice. Is the idea that it was clear error to rely on that document? What's your argument? When you say there's a document from an expert source, the autopsy report, he said it's a contributing factor. It's an expert source giving an opinion, but what's the basis for the opinion? The facts in the report itself, and I urge you to look at them. So is your argument that it's clear error to rely on that fact? Without any explanation, yes, because it does not prove in any way any causal link. Was there anything in the record showing that as a medical matter, that couldn't have been a contributing factor? Well, couldn't have been is really a hard standard. I don't know that there is. Not that I found, but there are certainly indications that it wasn't more than what I consider to be a plausible conclusion that the beating somehow contributed. And I'd also like to point out that in Burrage, the court made really clear how difficult it is to deal with a contributing factor in terms of how much. What do you do with a contributing factor? Was it a 1% contributing factor? Was it a 50% contributing factor? And there isn't any way of knowing, and especially with this report. So even if we accept that it was a contributing factor, how do we justify a two-year enhancement based on no evidence whatever? There's no way to judge how important or not important it was. Finally, I just want to point out how, although I really believe that a district court should be left with a lot of discretion for doing sentencing, I really do. And I appreciate that Judge Celia has tried to be careful about that for many years. But there has to be a limit to it. That is, there has to be certain limits that the district court cannot just willy-nilly say, oh, this is a contributing factor, and so I'm going to add X number of years based on what? And in this case, there has to be the fact that there is a causal link that needs to be made whenever you're talking about any injury in any sense, in any area of law. Otherwise, we're at sea. And again, despite my appreciation of Judge Celia and his educational opinions, I think I've learned more vocabulary from him than a lot of other places. I still disagree with him in the sense that while you really do want to take care of the judge's discretion, you cannot allow them a free rein. Well, let me ask you this question. In the record at the sentencing hearing, it appeared that the defense lawyer said that the word contributory, which is in the forensic report, the word contributory in the forensic report, does not mean what we common people might think it means because it has a specialized meaning in the world of forensics, which means less than what I might think. And then I went to look in the record to find something that supports what the lawyer said, and I couldn't find anything. Is there anything in the record that actually supports that idea, that contributory as the forensic examiner uses it doesn't have the common meaning of that term? No, there's nothing in the record that explains the common meaning of it. But I think what she was referring to was the homicide, not the contributory. Or if she was, if it was contributory, that was another one. But I looked it up. I looked at the American or the College of American Pathologists' guidelines for filling out. Well, what the district judge says is contributory is in this document. I have a common understanding of what that means, and this fits that. Is there anything in the record that says, well, that understanding of the word contributory was wrong? No, no. Definitely. I have nothing further at this time, so I'll waive the rest of my time. Thank you. Thank you. Thank you, counsel. At this time, would counsel for the United States please introduce himself on the record to begin? Good morning, and may it please the court. Greg Conner for the United States. The government is asking this court to affirm the 18-year sentence for this brother, Martinez, because it was both procedurally and substantively reasonable. And specifically regarding the consideration of the victim's death, the district court did not reversibly err by considering the victim's death. As both parties agreed, it was a relevant sentencing consideration. At page four of Martinez's plea agreement, both parties agreed to recommend an upward variance based in part on, quote, the victim's death within nine days of the carjacking and attack. So between the three briefs from Martinez on appeal, the most recent one seems to say that the district court couldn't even consider the victim's death, that it was an impermissible sentencing consideration, and that the district court had concocted a justification, in quotes, justification for the upward variance basically under the mistaken belief that the victim's death was relevant. And I think that is directly at odds with what both parties agreed to in the plea agreement. As far as the contention that it was clear error to conclude that the attack in the victim's home contributed to her death nine days later, that's both supported by the record in the autopsy report, and as to Judge Afram's question, there's nothing to suggest that the district court's understanding of what contributory was in any meaningful way different from what the autopsy report said. And just to some of the points in the supplemental brief that there was a determination of direct causation in a statutory sense or in a jury determination sense, at least on pages 14, 32, 38. In the government's theory, what is the difference between causation and contribution? I think we agree with what the district court explained, that contributory would mean that the assault in the home exacerbated her serious health conditions, and that a combination of those health conditions and the attack was the reason she ultimately passed away. And then what's cause mean? Why isn't that then the cause? It's not cause, or at least the trial prosecutor's concern was that- Your understanding of the autopsy report, it seems to say that the cause was not the beating, but that the beating was a contributory factor. And I'm just trying to say what these medical terms mean, because the way you describe it sounds like, to me, that means it's a cause. It was one of the causes. Obviously, it wasn't a sole cause. It was in combination with the others. But the way the autopsy report reads, it's not a cause at all. So I'm just trying to understand, what's the government's understanding of what cause means compared to contribution? I think it's fair to read the autopsy report that the health conditions were more of the primary direct cause of her death. And that, however, you would measure a contributory influence, that it's to a lesser extent than the serious health conditions. But that doesn't negate the district court's conclusion that it was in some way a factor in her death. I don't think I have any other points on the government's position, so unless there are questions from the panel, I'll rest on my brief. Thank you. Thank you. Thank you, counsel. That concludes argument in this case.